IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN D. FAILS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv163 |
| TOMMY CAGE | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff John D. Fails, an inmate confined at the Larry Gist Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Tommy Cage, the sheriff of Montgomery County, Texas.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred in Montgomery County. In addition, the defendant resides in Montgomery County. Pursuant to 28 U.S.C. § 124, Montgomery County is located in the Houston Division of the Southern District of Texas, rather than in the Eastern District.

As Montgomery County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper.  When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, this case should be transferred to the Houston Division of the United States District Court for the Southern District of Texas.  A Transfer Order shall be entered in accordance with this Memorandum Opinion.

SIGNED this 26th day of March, 2013.

_____
Zack Hawthorn
United States Magistrate Judge